REINHARDT, Circuit Judge,
dissenting:
I cannot agree with the majority that Deloitte is entitled to invoke the statute of *754 limitations to bar Gordon’s civil action after telling her at the behest of the California Department of Insurance that it was “reopening [her] claim for further review,” inviting her once again to undertake its burdensome review process, and then denying her claim in a letter stating that “you may appeal this decision [to MetLife] ... [and in] the event your appeal is denied in whole or in part, you will have the right to bring a civil action under [ERISA].” (emphasis added). In my view, if the Supreme Court of California were presented with the question, it would likely conclude that by its actions Deloitte waived its limitations defense.[1] As that court has observed, “[we] have applied doctrines of waiver and estoppel to allow [insurance suits] filed after the limitations period expired "to proceed.” Prudential-LMI Com. Ins. v. Superior Court, 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230, 1240 (1990) (emphasis added).[2]
Here, we need look no further than waiver.[3] The doctrine of waiver is grounded in equity. In the insurance context, California courts have repeatedly emphasized that equity may impose new legal obligations on an insurer after that insurer reopens a previously denied claim. For example, they have held that once an insurer decides to reopen such a claim pursuant to California Code of Civil Procedure § 340.9, the doctrine of equitable tolling may once again apply. See Ashou v. Liberty Mut. Fire Ins. Co., 138 Cal.App.4th 748, 762-63, 41 Cal.Rptr.3d 819 (2006) (holding that, under Code of Civil Procedure Section 340.9, equitable tolling should “apply — in the context of a previously denied claim — when the insurer has agreed to reopen and reinvestigate the claim”). The majority is correct when it reports that courts have not found waiver where, after the limitations period expired, an insurer confirmed coverage without informing the insured of the existence- of the limitations bar. See, e.g., Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1163 (9th Cir.1995) (holding that the insurer could maintain a statute of limitations defense to a claim even after initially confirming coverage and failing to state that the claim might be time-barred).
The majority goes too far, however, in asserting that “[u]nder California law, an insurance company cannot waive the statute of limitations after the limitations period has run.” Op. at 752. The cases upon which it relies deal with .particular sets of circumstances not applicable here. Although the California Supreme Court has not confronted a case like the one before us, it is likely that it would find a difference, properly recognized in equity, between failing to inform an insured about a potential limitations bar while initially confirming coverage and actively inviting the insured to reopen her case, submit new documents, and appeal if dissatisfied — especially when the insurer falsely advises the insured that she continues to have the legal right to sue her insurer under *755 ERISA at the end of the process. Unlike the cases cited by the majority, this case involves the sort of intentional, affirmative false representations by an insurer that gives rise to equitable relief such as waiver or estoppel. Certainly it cannot be said that Deloitte risked “surprise[] through the revival of claims that have been allowed to slumber” when it voluntarily reopened Gordon’s case at the behest of the California Department of Insurance and then falsely told her that if she were ultimately dissatisfied she would have the legal right to sue to enforce her rights under ERISA.[4] Prudential-LMI, 274 Cal.Rptr. 387, 798 P.2d at 1236 (1990) (describing the purpose of the statute of limitations).
Accordingly, I conclude that Deloitte waived its limitations defense and I therefore respectfully dissent.

. As the majority acknowledges, “[i]n circumstances where the federal common law is not developed, courts may turn to state common law for guidance and apply state law to the extent that it is consistent with the policies expressed in ERISA.” Op. at 752. Here, that rule directs our attention to California waiver and estoppel law.

. A waiver occurs “whenever an insurer intentionally relinquishes its right to rely on the limitations period.” Prudential-LMI, 274 Cal.Rptr. 387, 798 P.2d at 1240. “An estop-pel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action.” Id., 274 Cal.Rptr. 387, 798 P.2d at 1240 (quotation marks and citations omitted).

. To the extent the majority is correct to hold that there are no ''something-for-nothing” waivers under ERISA, that rule does not control this case, as Deloitte received the benefits of complying with the request by the California Department of Insurance that it reopen Gordon’s case.